**REID v. DOUBLEDAY & CO., Inc.**
Civ. A. No. 6718.

United States District Court
N. D. Ohio, W. D.

Aug. 5, 1953.

See also 109 F. Supp. 354.

Harris & Sell, Toledo, Ohio, for plaintiff.

Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for defendant.

KLOEB, District Judge.

This matter is before the Court upon the motion of defendant for summary judgment dismissing the complaint, pursuant to Rule 56 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that there is no genuine issue as to any material fact, and that the defendant is entitled to a judgment as a matter of law.

The contention of the defendant is "that the Municipal Court of Toledo in an action between the parties hereto on a different cause of action made a determination that the offering of a lower discount to plaintiff than to the jobber customers of the defendant did not lessen competition or tend to create a monopoly within the meaning of the Clayton Act [15 U.S.C.A. § 12 et seq.]"; that "the determination of that fact is binding in the present action, and in view of that determination the complaint in this action should be dismissed since there is no dispute over any material issue of fact".

In support of the motion defendant attached Exhibit A, which is a transcript of the proceedings in the Municipal Court, and Exhibit B, containing copies of the pleadings, deposition and opinion of the Court in said proceeding. No countervailing affidavit or evidence was offered by plaintiff.

It is the position of the plaintiff that the defendant is not entitled to relief asked for in the motion for the reason that there are several material issues of fact in controversy between the parties here and they cannot be resolved upon the motion of the defendant.

258

The motion is apparently predicated upon the defense set forth in paragraph 34 of the answer, in which the defendant alleges:

"34. Defendant states that the same issues raised in this case were heretofore raised in the action entitled Doubleday and Company, Inc. v. Edwin M. Reid in the Municipal Court of Toledo, Lucas County, Ohio, a court of record, being Case No. 177662 on the docket of said court; that said issues were determined adversely to said Edwin M. Reid and final judgment in said action was rendered upon the merits in favor of this defendant, Doubleday and Company, Inc. and against said Edwin M. Reid, plaintiff herein; that no appeal was had or can now be had from said judgment, and that by reason thereof, the said judgment is res adjudicata as to the claim of plaintiff in this present action."

In a previous motion the plaintiff asked the Court to strike this defense as legally insufficient, which was overruled, the Court at that time stating:

"It seems to us whether or not the defense of res adjudicata is a good defense in this case depends upon evidence as to the issues involved and the determination made in the prior action, and perhaps other matters of evidence, and that the question cannot be determined upon this motion."

The defendant contends that Exhibits A and B offered on the motion before the Court show the issues involved and the determination made in the prior proceeding in sufficient detail to permit the Court to pass upon the motion at this time.

■ There is no question between the parties as to the principle of law applicable, that being as stated by the Court in the case of Southern Pacific Railroad Company v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355, wherein the Court said:

"The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of re-covery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. * * *"

It is the contention of the plaintiff that the question of whether or not the defendant offered some of its customers a lower price than offered to the plaintiff and whether or not such discrimination resulted in a lessening of competition or tendency to create a monopoly was not raised in the Municipal Court by either the petition of the defendant here or the amended answer of the plaintiff here; that such matters were not in issue before that Court, and that, therefore, any decision of the Municipal Court in regard to facts not in issue would not be res adjudicata in any other proceeding before any other Court in which the parties were the same.

■ From the statement of law above quoted from Pacific Railroad Company v. United States, it would seem apparent that the prior determination of a right, question or fact, to constitute res adjudicata, must have been distinctly put in issue and directly determined by a Court of competent jurisdiction. The action in the Municipal Court was brought by the defendant here on June 13, 1949, to recover from the plaintiff here the sum of $520.58 on an account for goods and merchandise sold and delivered. In that action plaintiff here filed an answer, in which he admitted the books covered by the invoices making up the plaintiff's claim were billed to him and did not deny that he received them. As a defense, plaintiff here alleged that the defendant here discriminated against him in not offering him the same discount as other customers in direct competition with plaintiff; that such action had the effect of lessening competition, tended to create a monopoly and was in violation of the Clayton Act and the Robinson-Patman Act of the United States. 15 U.S.C.A. §§ 13–13b, 21a. The prayer was that the petition be

dismissed. The defendant here filed a demurrer to the causes of action in the answer which alleged violation of the Clayton and Robinson-Patman Acts, on the ground that such defenses did not set forth facts sufficient to constitute a defense. This demurrer was sustained and thereafter the plaintiff here filed an amended answer, on November 23, 1949, in which no mention was made of alleged violation of either the Clayton Act or the Robinson-Patman Act. The only reference to discounts contained therein was the following:

"Defendant further says that the plaintiff has offered 'trade' books to book jobbers at a trade discount of forty-six (46%) off list prices, to which this defendant would be entitled as a book jobber."

The amended answer also set up as defenses defect of parties plaintiff, which was waived by defendant, and failure of the plaintiff to qualify for doing business within the State of Ohio, on which the Court found against the defendant.

The prayer of the amended answer was:

"Wherefore, defendant prays that upon the final hearing of this cause that the plaintiff's petition be dismissed for the reason that there is a defect of parties plaintiff; that said petition be dismissed for the reason the plaintiff is doing business within the State of Ohio prior to procuring a certificate authorizing it to do business within this State in compliance with General Code Section Nos. 178, 187 & 5508; and *in the alternative, defendant prays that should the Court refuse to dismiss said petition as aforesaid that the plaintiff be put on strict proof as to the discounts offered by it to the book jobbing trade on 'trade' books, and adjust its account accordingly;* and for such other and further relief as the defendant may be entitled in the premises." (Emphasis added.)

From the foregoing it will be seen that the real issue, as raised by the petition and amended answer, was the amount owing by the plaintiff here to the defendant here, and that this depended upon the amount of discount the plaintiff was entitled to. The question of the application of the Clayton Act or the Robinson-Patman Act was not put in issue and, therefore, could not be properly determined in that action so as to constitute res adjudicata here. Counsel for defendant quote quite extensively from the opinion of the Judge of the Municipal Court, in which it appears the Court found that there was "no lessening of competition or tendency to create a monopoly within the meaning of the Clayton Act". That Court had already sustained a demurrer to the defenses based on the Clayton Act and the Robinson-Patman Act, and that question was not, therefore, then before the Court. The Municipal Court had no jurisdiction of such a defense in that case. As held in Bruce's Juices, Inc. v. American Can Co., 1947, 330 U.S. 743, 67 S.Ct. 1015, 91 L.Ed. 1219:

"In a suit by a seller against a buyer on notes given for the accumulated balance remaining on a running account of sales and credits over a period of years, it is no defense that the seller had engaged in price discriminations against the buyer in violation of the Robinson-Patman Act, which prescribes criminal penalties and entitles injured persons to triple damages, but does not expressly make the contract of sale illegal or the purchase price uncollectible."

The action of the Municipal Court in sustaining the demurrer to the defenses based on the Clayton Act and the Robinson-Patman Act removed those issues from the case. From the exhibits in evidence, it appears that the subject matter of the suit in the Municipal Court was not the same as in this action, and that the decision of the Judge of the Municipal Court, therefore, is not res adjudicata of the issues before this Court.

The motion for summary judgment is overruled, and an order is drawn accordingly.